DF

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------X
UNITED STATES OF AMERICA,

    Plaintiff,

- against -

REAL PROPERTY AND PREMISES
LOCATED AT 322 Richardson Street,
Brooklyn, New York, et al.,

    Defendants.
------------------------------X

**MEMORANDUM** and **ORDER**

03-CV-6456

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★   OCT 2 6 2005   ★

LONG ISLAND OFFICE

PLATT, District Judge.

    Plaintiff, the United States of America (the "Government"), moves pursuant to Title 18 of the United States Code, section 981(g)(1), for an Order staying this civil forfeiture action against claimants pending final disposition of a related criminal case *United States v. Astra Motors, et al.*, CR-04-774 (the "criminal case"). Four of the claimants, Michael Pescatore, Pasquale Pescatore, Ping Edmonston, and Lisa Doria ("the Claimants") oppose this motion. For the following reasons, Plaintiff's motion is **GRANTED**.

### BACKGROUND

    On December 24, 2003, the Government brought a civil forfeiture action against six real properties owned by Claimants. (Cl.s' Mem. Opp. at 1). The complaint is based on allegations that Claimants engaged in, *inter alia*, money laundering and transporting stolen vehicles in violation of federal law. (Pl.'s Mem. Supp. at 4).

1

On August 25, 2004, a federal grand jury returned an indictment on a related criminal case,[1] which charged one Claimant and his co-conspirators with, *inter alia*, conspiracy to defraud motor vehicle purchasers. (Cl.s' Mem. Opp. at 1).

On August 19, 2005 the Government moved to stay the civil forfeiture proceeding on the grounds that allowing civil discovery would adversely affect the criminal case. The Claimants submitted papers in opposition.

## ANALYSIS

Title 18 of the United States Code, section 981(g)(1), provides that "[u]pon the motion of the United States, the court shall stay the civil forfeiture proceeding if the court determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case."

Here, Plaintiff demonstrates that civil discovery would have an adverse effect on the prosecution of the Astra Motors case. The Government has averred the existence of at least twenty five government witnesses whose identities would be at risk of exposure through broad civil discovery rules. (Pl.'s Mem. Supp. at 10). This risk is particularly serious as the grand jury has found probable cause to believe that one Claimant has threatened force, violence, and fear to extort four individuals. (*Id.* at 10-11). These facts defeat the Claimants'

---

[1] This Court has already determined that this civil forfeiture proceeding and the criminal case are related. *See United States v. Astra Motor Cars*, 352 F. Supp. 2d 370, 373 (E.D.N.Y. 2005).

2

argument that the Government's allegations are merely conclusory.

Claimants make four other arguments. First, Claimants assert that a stay should not be granted because the Government seeks a stay that is indefinite in duration. (Cl.s' Mem. Opp. at 4-5). The Government, however, points out that the stay is requested only until the final disposition of the criminal case, which, the Government assures the Court, is "moving forward" through the pre-trial stage. (Pl.'s Reply Mem. Supp. at 10).

Second, Claimants argue that other unnamed claimants, who are not defendants in the criminal case, are suffering prejudice because they cannot use the equity in their property while this action is stayed. (Cl.s' Mem. Opp. at 4). This argument is disingenuous as these claimants have not opposed the Government's motion and have not asserted prejudice. Moreover, the Government points out that most of these claimants are tenants and have no equity in the property. (Pl.'s Reply Mem. at 3-4).

Third, Claimants assert that the ability of the Government to seek criminal forfeiture obviates any need for civil forfeiture. (Cl.s' Mem. Opp. at 6-7). The fact that both criminal and civil forfeiture are available, however, does not require the Government to choose one over the other. *See United States v. Four Contiguous Parcels*, 191 F.3d 461 (6th Cir. 1999) ("Claimants cite no authority for the proposition that the government *must* seek criminal forfeiture of a piece of property, even if it has a pending, previously-filed civil action seeking civil forfeiture of said property.") (emphasis in original).

3

Finally, Claimants argue that this Court should not grant the stay without first attempting to fashion a protective order pursuant to 981(g)(3) that would prevent Claimants from discovering the identities of confidential government informants and other sensitive information. (Cl.s' Mem. Opp. at 4). The Claimants request is denied. The Government has made clear that discovery abuses have already occurred. (Pl.'s Mem. Supp. at 10 n.1). Allowing discovery to continue, even with a protective order in place, would only open the door for further abuse.

## CONCLUSION

The Court finds the foregoing particulars sufficient to "determine[] that civil discovery will adversely affect the ability of the Government to conduct" the criminal investigation and to prosecute the criminal case. 18 U.S.C. § 981(g)(1).

Accordingly, Plaintiff's motion to stay the civil forfeiture action pending final disposition of the related criminal case is **GRANTED**.

**SO ORDERED.**

Thomas C. Platt, U.S.D.J.

Dated: Central Islip, New York
October 26, 2005